NUOVA REALTY COMPANY, INC. *v.* MAYOR AND CITY COUNCIL OF BALTIMORE ET AL.

[No. 90, October Term, 1950.]

*Decided February 14, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Southey F. Miles* for the appellant.

*Harry S. Kruger* and *Jacob D. Hornstein* for the appellee, Park Raven Apartments, Inc.

Submitted on brief by *Thomas N. Biddison, City Solicitor of Baltimore, Edwin Harlan, Deputy City Solicitor,* and *Francis J. Valle, Assistant City Solicitor,* for the

appellees, the Mayor and City Council of Baltimore and Paul A. Cohen, Buildings Inspection Engineer for Baltimore City.

GRASON, J., delivered the opinion of the Court.

On August 12, 1949, the Nuova Realty Company, Inc., appellant, made application to the Buildings Inspection Engineer for Baltimore City, for a permit to erect a gasoline filling station at what is known as 5810 Hillen Road, Baltimore City. The matter was referred to the Board of Municipal and Zoning Appeals. After complying with all legal prerequisites, a hearing on the application was held. It appears that prior to July 12, 1949, the appellant made application for a permit for construction of a gasoline filling station at 5810 Hillen Road, Baltimore City, and on that date, after a hearing before the Board, the Board disapproved the issuance of a permit on the grounds that "this is not the time for approval of an isolated filling station only at this location" and that the proposed plans for the station violated several area regulations of the Zoning Ordinance. At the hearing of the application filed on August 12, 1949, the Board refused the permit, holding that that application was the same application filed prior to July 12, 1949. In section 34-A of the Zoning Ordinance of Baltimore City, known as Ordinance No. 1247, it is provided that the said "Board of Municipal and Zoning Appeals shall not consider or approve an application for a permit within two years after the rejection of an application for a similar permit for the same premises". The Board held this provision applicable and refused to hear the application filed August 12, 1949, and dismissed the same. From that action, the appellant appealed to the Baltimore City Court, and that court reversed the Board and remanded the case to the Board for the purpose of fully hearing and deciding the matter.

The Park Raven Apartments, Inc., a protestant, appealed from the action of the Baltimore City Court. The record was prepared and transmitted to the Clerk of

this court. Thereafter the appeal was dismissed and this court permitted the record on that appeal to be transmitted, used and considered before the Board in its hearing of the case under the remand of the Baltimore City Court. It was so used. Upon remand the Board heard the matter, testimony was taken, arguments heard, and after due consideration the Board again refused the permit, and from that action the matter was appealed to the Baltimore City Court. That court sustained the Board, and the case comes here on appeal.

Upon the hearing of the case by the Court on the second appeal Mr. Kruger, counsel for the Park Raven Apartments, Inc., moved to dismiss the appeal because the application "is for a similar station within two years", and the court denied the motion "for the reasons set forth in its memorandum in the other appeal".

The action of the court in remanding the first appeal to the Board to the end that it fully hear the matter and decide the same, was not such an order that fully decided and determined the case on appeal. It was in the nature of an interlocutory order from which an appeal does not lie, but it will be considered on an appeal from a final order.

The question of whether this second application was made within two years after a similar application had been denied is open for review on this appeal.

It appears that the applicant had previously applied for a permit for the erection of a building for the purpose of selling gasoline and oil to the public at 5810 Hillen Road. In the present application the identical property is to be used as in the first application. The difference between the first application and the one involved here is that there has been a change in the building proposed, and in its location, and in the location of the tanks for gasoline, and it conforms to the requirements of Zoning Ordinance No. 1247, while the first application did not. The permit, of course, was one for the sale of gasoline and oil to motorists. The whole plan, as disclosed by the application, contemplates the use of the premises,

after the building is erected and the tanks installed, for the sale of gasoline. The application itself makes it plain that what the applicant wants is the right to use the premises, after the station is constructed, for the purpose of selling gasoline. The Zoning Ordinance provides what an application for a gasoline filling station shall contain. These provisions in the ordinance were violated in the first application. This is a concession in the case, and for that reason the application was refused by the Board on July 12, 1949. On August 12, 1949, just one month after the denial of the permit, the applicant again made application for a permit. The lower court held, as the applicant contends, that this was a new application and that it did not violate section 34-A; that it was an application for a different permit, and that therefore this second application had no relation to the first application. It held it was a new and different case. In its opinion it said: " 'Permit' has a broader meaning than 'use', for the former in relation to a filling station is the authorization not only to use certain premises for a filling station but also to construct the station according to definite plans and specifications. Therefore, if the plans and specifications which accompany an application for a permit are substantially different from those proposed in an earlier application, such permit would not be similar to the one which was formerly sought."

The first application was for a permit to erect a gasoline filling station on a lot known as 5810 Hillen Road. It was rejected by the Board. The second application is to build a gasoline filling station on the identical lot mentioned in the first application. In it there is a change in the building to be erected, in that it is larger than that proposed to be built in the first application. It is to be erected farther back from the Hillen Road. The location on the lot for the sinking of tanks to contain gasoline is changed, and there are other changes made so as to make the application conform with the Zoning Ordinance. In the first application these provisions in

the Zoning Ordinance were not complied with. The Buildings Inspection Engineer referred the application to the Board, as the Zoning Ordinance requires him to refer all applications for gasoline filling stations to the Board. The lower court held that the second application was a new application and constituted an entirely new matter; that in section 34-A of Zoning Ordinance No. 1247 the controlling word there used is "permit" and has a wider application than the word "use", and as the second application, because of the changes made in the building to be used as a filling station, and the placement of the tanks, and that it conformed to all of the provisions of the Zoning Ordinance, it is a new application; and in determining that it is a new application, the identical use of the property, to wit, the sale of gasoline to the public (the same in the second application as in the first application) is not to be considered. We do not agree with the lower court in this regard. The procedure in applying for a permit to erect a gasoline filling station is contained in the opinion of the court in the case of *Mayor and City Council of Baltimore v. Biermann,* 187 Md. 514, 50 A. 2d 804, to which we refer.

All commercial buildings are built to be used. They are constructed with particular regard for the business to be carried on. To erect a building for a particular purpose is to erect it for use in carrying on the business that is intended to be conducted in the building. The Zoning Ordinance contains certain provisions which apply to applications for gasoline filling stations. See paragraphs 34, 34-A and 34-B, Ordinance No. 1247. In paragraph 34-A of the Ordinance it is provided: "* * * but said Board of Municipal and Zoning Appeals shall not consider or approve an application for a permit within two years after the rejection of an application for a similar permit for the same premises, and it shall be the duty of the Zoning Commissioner to transmit forthwith the application, * * * to the Board of Municipal and Zoning Appeals, * * *."

It is a concession in the case that the purpose of the first application was to erect a building for the purpose of supplying motorists with gasoline. It was an application for permission to so use the premises for the purpose of the sale of gasoline. One cannot think of a gasoline filling station without thinking that he can buy gasoline there. If gasoline could not be sold at a building to be erected for its sale, it would never in the first instance be erected, and there would be no application filed. The word "permit" for the erection of a gasoline filling station comprehends the use of the premises for the sale of gasoline.

It was not only a "similar permit for the same premises" but it was the original permit with some changes and corrections to make it conform with the requirements of the Zoning Ordinance. The second application was at best an amendment of the first application. Zoning Ordinance No. 1247 contains no provision to qualify the injunction that the Board shall not consider or approve an application for a permit within two years after the rejection of an application for a similar permit for the same premises.

The power, authority, and duty of the Board of Municipal and Zoning Appeals is set out in detail by Judge Offutt in the case of the *Board of Zoning Appeals v. McKinney*, 174 Md. 551, 560, 199 A. 540, 545, 117 A. L. R. 207:

"It has no executive duties, it formulates no policies, its function is merely to find facts, to apply to those facts rules of law prescribed by the Legislature, and to announce the result. It has no interest, personal or official, in the matters which come before it other than to decide them according to the law and the proved fact, and it is in no sense a party to such proceedings.

*       *       *       *       *       *

"The Board is wholly a creature of statute, it has no powers, rights or duties save those conferred by statutes * * *." *Board of Zoning Appeals v. McKinney, supra.*

Our construction of paragraph 34-A in this case is not at variance with our construction of paragraph 32(d) in *Norwood Heights Improvement Ass'n, Inc. v. Mayor and City Council of Baltimore*, 191 Md. 155, 60 A. 2d 192. The terms of paragraph 32(d) and paragraph 34-A are different, and the differences between the subject matters indicate that the difference in wording was intentional, not inadvertent. Paragraph 32(d) is applicable to any appeal to the Board from "any decision of the Buildings Engineer." The prohibition of further action, within six months after disapproval of an application, upon "another application for substantially the same proposal", is a prohibition (for a short time) of purely repetitious applications of any kind. Paragraph 34-A is applicable only to applications for permits for filling stations (or two other specified uses) and provides a substantial period (two years) of repose "after rejection of a similar permit for the same premises" before consideration of another similar application. This is a broader prohibition, within a narrower field, of applications for "a similar permit" for the same premises, not necessarily "substantially the same proposal". In the case at bar the application, as a filling station application, was not only for a similar, but the same, permit. The differences in details related to matters (*e. g.* area provisions) which did not, as such, require action under paragraph 34-A.

In this case the Board was without power to hear the second application. It was, in fact, without jurisdiction to hear it, under the provisions of the Zoning Ordinance, section 34-A. For this reason the action of the lower court in reversing the Board's action in refusing to hear the second application, and in referring the matter back to the Board for further action was erroneous. It will not be necessary for us, therefore, to discuss the other points presented in the briefs, and as the order of the lower court was correct in affirming the action of the Board in refusing the application, it will be affirmed.

*Order affirmed, with costs.*